**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barney McDonald,<br><br>    Plaintiff,<br><br>vs.<br><br>United States Postal Service, et al.,<br><br>    Defendants. | No. CV-19-08303-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff Barney McDonald's Motion for Summary Judgment (Doc. 62) in which Plaintiff seeks summary judgment on his negligence claim. The Motion has been fully briefed and is ready for review.[1] (Docs. 62, 72, 75). After reviewing the parties' briefing, the Court issues the following Order denying Plaintiff's Motion.

**I. BACKGROUND**

  Plaintiff Barney McDonald ("Plaintiff") is the son and personal representative of Gerald McDonald (the "Decedent"). (Doc. 35 at 1). In November 2017, the Decedent was involved in a traffic accident with Cynthia Cunha, an employee for the United States Postal Service ("USPS"). (*Id.* at 2–3). The Decedent was operating a motorcycle and Cunha was operating a USPS mail truck. (*Id.* at 3). Plaintiff alleges that Cunha failed to yield the right-of-way to the Decedent and, as a result, the Decedent sustained fatal injuries trying to avoid

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

a collision with the mail truck. (*Id.*).

Plaintiff brought this action on October 16, 2019, asserting a claim for negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Doc. 1).[2] Originally, Plaintiff named as defendants Cunha, the USPS, the United States of America, and certain other Unknown Parties. (*Id.*). On July 30, 2020, this Court dismissed Cunha, the USPS, and the Unknown Parties (Doc. 34), leaving the United States of America as the only defendant in this matter.

## II. LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id*. at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorable to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

## III. ANALYSIS

To start, the Court recognizes that Plaintiff's Motion fails to request summary judgment as to Defendant United States. (*See* Doc. 62 at 2–4, 16). Instead, the Motion requests that this Court enter summary judgment against USPS and Ms. Cunha, defendants dismissed from this case long before the present Motion was filed. (Doc. 34). As Defendant points out,[3] (Doc. 72 at 2, n.1), this Court could deny Plaintiff's Motion on this ground alone because this Court cannot enter judgment against Defendants who have been

---

[2] Plaintiff has since filed three amended complaints. (Docs. 13, 23, 35).

[3] Despite Defendant pointing out Plaintiff's mistake, Plaintiff fails to correct or otherwise address the issue in his Reply brief. (*See* Doc. 75).

2

dismissed from the case. However, this Court will assume that Plaintiff correctly identified Defendant United States as the Defendant against whom summary judgment is sought because it finds denial of Plaintiff's Motion to be straightforward and appropriate.

Under the doctrine of *respondeat superior*, "an employer is vicariously liable for 'the negligent work-related actions of its employees.'" *Kopp v. Physician Grp. of Ariz., Inc.*, 244 Ariz. 439, 441 (2018) (quoting *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57 (2012)). "This extends to such acts only if the employee is acting within the scope of employment when the accident occurs." *Flores v. American Airlines Inc.*, No. XXX, 2020 WL 6585535, at *4 (D. Ariz. Nov. 10, 2020) (citing *Engler*, 230 Ariz. at 57–58). The FTCA extends vicarious liability to the United States where a federal employee causes injury while acting within the scope of his employment. 28 U.S.C. § 1346(b)(1). Here, there is no dispute that Cunha was acting within the scope of her employment with Defendant at the time of the accident. (Doc. 36 at 2 ("Defendant admits only that Ms. Cunha was acting in the course and scope of her employment for the [USPS], an agency of the United States.")). Thus, Defendant United States is vicariously liable if Plaintiff proves Cunha was negligent.

To establish a claim for negligence under Arizona law, "a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007) (citing *Ontiveros v. Borak*, 136 Ariz. 500, 504 (1983)). Here, there are clear factual disputes as to the elements of breach and causation, at the least. Because these disputes go directly to elements of Plaintiff's negligence claim, they are disputes of material fact that must be left for the jury. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) ("A fact is material if it could affect the outcome of the suit under the governing substantive law.").

As to breach, the Court first recognizes what Defendant noted in its Response: that neither of the drivers have testified about what happened and that there were no

eyewitnesses to the crash. (Doc. 72 at 2). Thus, all that is known about the accident comes from Ms. Cunha's statements immediately after the accident[4] and from interpretations of the accident scene by responding officers and accident reconstruction experts. Plaintiff argues that Ms. Cunha breached her duty of care "by failing to pay full attention, failing to observe Mr. Gerald's motorcycle approaching, failing to yield the right-of-way to Mr. Gerald, and accelerating into the intersection directly in front of Mr. Gerald." (Doc. 62 at 6). In response, Defendant argues that the evidence indicates that Ms. Cunha *did* stop at the stop sign, that she looked both ways before proceeding, and that the Decedent "had plenty of time to recognize [Ms. Cunha's truck] up ahead in the intersection and react appropriately with gentle braking."[5] (Doc. 72 at 3, 6).

Defendant's theory of the accident is not based upon mere speculation either; Defendant offers the testimony of its accident reconstruction expert—Dr. Peles—who, despite Plaintiff's arguments to the contrary, (Doc. 62 at 12–15), relied on actual evidence from the accident to reach his conclusions. Specifically, Dr. Peles relied on statements from Ms. Cunha made immediately after the accident, measurements from the scene on the day of the crash, the FARO scan of the crash site created by Plaintiff's expert, numerous

---

[4] Ms. Cunha's statements were apparently recorded in her own written statement, in the Crash Report, and in the investigating officer's body worn camera video of his conversation with Ms. Cunha immediately after the accident. (Doc. 72 at 3, n.3). While Plaintiff argues that such statements have not been verified through discovery, "[t]he party opposing summary judgment need not produce evidence 'in a form that would be admissible at trial in order to avoid summary judgment.'" *Celotex*, 477 U.S. at 324. Moreover, Plaintiff has not formally challenged the admissibility of these statements under any particular Rule of Evidence. Finally, while it is true that Defendant's accident reconstruction expert relied on the statements in reaching his conclusions, he also relied on other physical evidence such as measurements and photographs from the scene, the accident report, repair records for Ms. Cunha's truck, and the Decedent's helmet. (Doc. 62 at 122–23).

[5] The parties' differing theories of the accident precludes negligence *per se* as grounds for summary judgment in Plaintiff's favor. Because the parties disagree over whether Ms. Cunha stopped at the stop sign and whether she properly yielded to the right-of-way, this Court cannot find that she definitively violated any statute; it follows that a finding of negligence *per se* is also inappropriate.

photographs of the accident site, the actual helmet worn by the Decedent at the time of the accident, and other materials that were supplied to him. (*Id.* at 122–23). Dr. Peles' conclusions highlight some of the factual disputes remaining in this case. For example, Dr. Peles concluded that there is no evidence that the Decedent's motorcycle even contacted Ms. Cunha's truck, that Ms. Cunha's truck "did not 'suddenly' cross [the Decedent]'s path," that the Decedent was "most probably inattentive" and that he could have provided courtesy braking to allow Ms. Cunha to clear his path. (*Id.* at 134).

At the least, Defendant has clearly raised issues of contributory negligence and assumption of risk. While Plaintiff argues that the Decedent "drove in a proper, safe, and lawful manner" and that he had no duty to anticipate Ms. Cunha's crossing of the road, (*Id.* at 6), Defendant not only disputes this but has expert testimony and other evidence to back it up. It is well settled under Arizona law that "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Ariz. Const. art. 18, § 5; *see also Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 359 (1985) ("Questions of contributory negligence are always for the jury under our constitution, and are not a proper subject for summary adjudication."). Because this Court finds that Defendant has credibly raised the issues of contributory negligence and assumption of risk, such issues must be left for the jury.

Even setting aside the parties' dispute over how the accident occurred, there is also a clear dispute as to proximate cause. Under Arizona law, the "proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *McDowell v. Davis*, 104 Ariz. 69, 71 (1968). "Ordinarily, the question of proximate cause is a question of fact for the jury." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990). "Only when plaintiff's evidence does not establish a causal connection, leaving causation to the jury's speculation, or where reasonable persons could not differ on the inference derived from the evidence, may the court properly enter a directed verdict." *Id.*

Here, Plaintiff concedes that the Decedent died of heart failure but asserts that the

accident complicated Decedent's heart condition and accelerated his death. (Doc. 62 at 11). In support, Plaintiff offers the opinion of Dr. Edavettal (the Decedent's primary physician), the coroner's report, and the death certificate. (*Id.* at 10–11). Defendant counters with the opinion of its expert cardiologist, Dr. Miyamoto, who concluded that the Decedent's "preexistent coronary artery disease was the cause of the observed cardiomyopathy which, in turn, was the cause of his clinical congestive heart failure, *rather than any cardiac insult which occurred during the accident or its aftermath*." (*Id.* at 101 (emphasis added)). This dispute between the parties over proximate cause, supported by each side's own expert testimony, is the essence of a genuine material fact dispute. This Court finds that the dispute must be left for the jury to decide and that summary judgment is not appropriate.

## IV.  CONCLUSION

In sum, there remain triable issues of fact as to Plaintiff's negligence claim. The parties dispute how the accident occurred, including which party was at fault and to what extent, as well as whether the Decedent's death was proximately caused by the accident. Because there remain triable issues of fact as to whether Ms. Cunha was negligent, this Court cannot find that Defendant United States is vicariously liable for Ms. Cunha's actions. Plaintiff's negligence claim must be left for the jury. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 62) is **denied**.

Dated this 21st day of January, 2022.

Honorable Steven P. Logan
United States District Judge