1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    Barney McDonald,                     )    No.  CV-19-08303-PHX-SPL
                                          )
9                         Plaintiff,      )
                                          )    **ORDER**
10   vs.                                  )
                                          )
11                                        )
     United States Postal Service, et al.,)
12                                        )
                                          )
13                    Defendants.         )
                                          )
14  ─────────────────────────────────────)

15        Before the Court is Defendant United States of America's Motion for Partial

16   Summary Judgment (Doc. 61) in which Defendant seeks partial summary judgment as to

17   the amount Plaintiff Barney McDonald can potentially recover in this Federal Tort Claims

18   Act litigation. The Motion has been fully briefed and is ready for review.[1] (Docs. 61, 69,

19   74). After reviewing the parties' briefing, the Court issues the following Order denying

20   Defendant's Motion.

21   **I.    BACKGROUND**

22        Plaintiff Barney McDonald ("Plaintiff") is the son and personal representative of

23   Gerald McDonald (the "Decedent"). (Doc. 35 at 1). In November 2017, the Decedent was

24   involved in a traffic accident with Cynthia Cunha, an employee for the United States Postal

25   Service ("USPS"). (*Id.* at 2–3). The Decedent was operating a motorcycle and Cunha was

26

27        [1] Because it would not assist in resolution of the instant issues, the Court finds the
     pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R.
28   Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 operating a USPS mail truck. (*Id.* at 3). Plaintiff alleges that Cunha failed to yield the right-

2 of-way to the Decedent and, as a result, the Decedent sustained fatal injuries trying to avoid

3 a collision with the mail truck. (*Id.*).

4     Plaintiff brought this action on October 16, 2019, asserting a claim for negligence

5 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Doc. 1).[2] Originally,

6 Plaintiff named as defendants Cunha, the USPS, the United States of America, and certain

7 other Unknown Parties. (*Id.*). On July 30, 2020, this Court dismissed Cunha, the USPS,

8 and the Unknown Parties (Doc. 34), leaving the United States of America as the only

9 defendant in this matter.

10 **II.  LEGAL STANDARD**

11     Summary judgment is appropriate if "the movant shows that there is no genuine

12 dispute as to any material fact and the movant is entitled to judgment as a matter of law."

13 Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden

14 of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*,

15 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that

16 the nonmoving party failed to make a showing sufficient to establish an element essential

17 to that party's case on which that party will bear the burden of proof at trial. *See id*. at 322–

18 23. When considering a motion for summary judgment, a court must view the factual

19 record and draw all reasonable inferences in a light most favorable to the nonmoving party.

20 *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

21 **III.  ANALYSIS**

22     The FTCA, 28 U.S.C. §§ 1346, 2671–80, "provides a limited waiver of immunity

23 for causes of action against the United States arising out of certain torts committed by

24 federal employees acting within the scope of their employment." *Voreis v. United States*,

25 No. CV 09-300 TUC FRZ, 2014 WL 12644024, at *4 (D. Ariz. Mar. 28, 2014) (citing

26 *United States v. Orleans*, 425 U.S. 807, 813 (1976)). The FTCA vests the federal district

27

28     [2] Plaintiff has since filed three amended complaints. (Docs. 13, 23, 35).

1    courts with exclusive jurisdiction over such suits. *D.L. by & through Junio v. Vassilev*, 858

2    F.3d 1242, 1244 (9th Cir. 2017) (citation omitted).

3         Before filing an FTCA action in federal court, a plaintiff "must exhaust the

4    administrative remedies for his claim" by presenting his claim to the appropriate Federal

5    agency. *Id.* (citing 28 U.S.C. § 2675(a)). "A claim is deemed presented for purposes of

6    § 2675(a) when a party files (1) a written statement sufficiently describing the injury to

7    enable the agency to begin its own investigation, and (2) a sum certain damages claim."

8    *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (internal quotations omitted) (citation

9    omitted). "An administrative claim is deemed exhausted once the relevant agency finally

10   denies it in writing, or if the agency fails to make a final disposition of the claim within six

11   months of the claim's filing." *Junio*, 858 F.3d at 1244 (citing § 2675(a)). "The FTCA's

12   exhaustion requirement is jurisdictional and may not be waived." *Id.* (citing *Jerves v.*

13   *United States*, 966 F.2d 517, 518 (9th Cir. 1992)).

14        Here, it is undisputed that Plaintiff properly exhausted the administrative remedies

15   for his claim. On April 4, 2019, Plaintiff served a completed Standard Form 95 ("SF-95"),

16   cover letter, and demand letter on Defendant USPS. (Doc. 35 at 2). The SF-95 and attached

17   letters described the injuries alleged and included a sum-certain damages claim. (Doc. 66-

18   1 at 1). Specifically, Plaintiff asserted claims for property damage, personal injury

19   (including medical costs and pain and suffering), and wrongful death. (*Id.*). Plaintiff

20   included sum-certain damages amounts for each claim and for their combined total:

21        Box 12a. Property Damage: $1,445.00;

22        Box 12b. Personal Injury: $683,938.78 (medical) and
         $1,000,000.00 (pain and suffering);

23        Box 12c. Wrongful Death: $314,616.22;

24        Box 12d. Total: $2,000,000.00.

25

26   (*Id.*). The administrative claim was deemed exhausted when Defendant USPS failed to

27   make a final disposition of the claim within six months. (Doc. 35 at 2); *see* § 2675(a) ("The

28   failure of an agency to make final disposition of a claim within six months after it is filed

3

1    shall . . . be deemed a final denial of the claim."). Again, Defendant does not dispute

2    Plaintiff's exhaustion of administrative remedies. Instead, Defendant's Motion seeks

3    partial summary judgment as to the maximum amount recoverable by Plaintiff for the

4    wrongful death damages. (Doc. 61 at 6).

5         It is true that, "[i]n an FTCA action, the claimant may not seek damages in excess

6    of those demanded in the administrative claim." *Salzwedel v. United States*, No. CV-16-

7    00501-TUC-RM, 2018 WL 460892, at *6 (D. Ariz. Jan. 18, 2018) (quoting 28 U.S.C. §

8    2675(b)). The statute provides for two exceptions: (i) "where the increased amount is based

9    upon newly discovered evidence not reasonably discoverable at the time of presenting the

10   claim to the federal agency" or (ii) "upon allegation and proof of intervening facts, relating

11   to the amount of the claim." § 2675(b). Neither exception is at issue here, as Plaintiff is not

12   seeking an amount in excess of those demanded in the administrative claim. Rather,

13   Defendant argues that Plaintiff's maximum recovery "is relative to each claim asserted in

14   the SF-95, not to the cumulative total of all claims asserted." (Doc. 61 at 5). Defendant

15   contends that, under § 2675(b), Plaintiff's recovery on his wrongful death claim is limited

16   to $314,616.22 even though the cumulative total of his claims is $2,000,000. (*Id.* at 6).

17        Defendant cites primarily to *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977)

18   to support its argument. In that case, the plaintiff brought a negligence claim against the

19   United States on his own behalf and on behalf of a class of similarly situated shareholders.

20   *Caidin*, 564 F.2d at 286. The claim sought $100 million in damages for the class as a whole.

21   *Id.* On appeal, the Ninth Circuit affirmed the district court's dismissal of the case because

22   the plaintiff failed to provide any evidence that he had authorization to file on behalf of the

23   other shareholders—which violated regulations requiring such proof of authorization. *Id.*

24   at 286–87. The Ninth Circuit held that:

25               Since the major reason for the administrative claim
                 requirement is to facilitate settlement of cases, we feel it
26               necessary to require that the existence of such authority be
                 asserted contemporaneously with the filing of the claim by one
27               who files on behalf of a claimant. In the absence of an assertion
                 of such authority the ability of the United States to negotiate a
28               settlement is impeded.

1    *Id.* at 286. Of particular importance to the present case, the Ninth Circuit further held that

2    dismissal of the plaintiff's *own* claim was also appropriate because the plaintiff failed to

3    specify a sum certain in his administrative claim. *Id.* at 287. The $100,000,000 figure stated

4    in the administrative filing was the amount requested for the class as a whole; thus, it gave

5    "no indication of the specific damages" claimed by the plaintiff as an individual. *Id.*

6    Therefore, the $100,000,000 sum certain was "of no use in guiding settlement talks with

7    [the plaintiff] individually" and the plaintiff's case had to be treated "as if no administrative

8    claim had ever been filed." *Id.*

9        In arguing for *Caidin*'s application to the present case, Defendant first points out

10   that Plaintiff made two separate and distinct claims on the SF-95: a survival statute claim

11   and a wrongful death claim. [3] It is true that these claims are considered separate and distinct

12   claims under Arizona law. *See Gandy v. United States*, 437 F.Supp.2d 1085, 1086 (D. Ariz.

13   2006) (citing *Barragan v. Super. Ct. of Pima Cnty.*, 470 P.2d 722, 724 (Ariz. Ct. App.

14   1970) ("A wrongful death claim and a survival claim are separate claims arising from the

15   same incident."). A survival statute claim "provides for recovery of damages sustained by

16   the decedent from the time of injury until her death" and "passes from the decedent to the

17   personal representative, and becomes an asset of the estate." *Id.* at 1087. A wrongful death

18   claim, on the other hand, "is neither continuation of the decedent's claim, nor continuation

19   of the survival claim." *Id.* Instead, it "compensates statutory beneficiaries for their injuries,

20   as opposed to a survival claim which compensates the decedent's estate." *Id.* "[W]rongful

21   death damages are statutorily limited to injuries 'resulting from the death,' . . . which may

22

23        [3] The parties dispute how these two claims are divided. According to Defendant, the
24   survival statute claim—on behalf of the Estate—encompasses the claims for property
     damage ($1,445), for medical expenses ($683,938.78), and for *the Decedent*'s pain and
25   suffering ($1,000,000). Plaintiff responds that he is unsure how Defendant arrived at this
     "obscure" split and contends that the pain and suffering claim is made on *his* behalf, *i.e.*,
26   as part of the wrongful death claim on Plaintiff's own behalf.
27        Because this Court finds that only the *total* sum certain amount—$2,000,00—is
     relevant in determining the maximum amount recoverable by Plaintiff under § 2675(b), it
28   is unnecessary to address this dispute between the parties.

include the decedent's prospective earning capacity; the loss of companionship, comfort, and guidance caused by the death; and the survivor's emotional suffering, but not the decedent's own pain and suffering." *Walsh v. Advanced Cardiac Specialists Chartered*, 229 Ariz. 193, 196 (2012) (citations omitted).

Defendant belabors that these are two separate and distinct claims in order to establish that there are two distinct claimants here: the Decedent's Estate and Plaintiff. The survival statute claim is brought by Plaintiff, in his capacity as personal representative, on behalf of the Decedent's Estate. The wrongful death claim is also brought by Plaintiff, in his capacity as the surviving son and personal representative, on behalf of the Decedent's statutory beneficiaries which, in this case, is Plaintiff himself. Having clearly identified two claimants, Defendant argues that, under *Caidin*, the total figure for their combined claims—here, $2,000,000—"is insufficient to set the boundaries for negotiation (and judgment) as to any one specific claim." (Doc. 61 at 6). In other words, the $2,000,000 figure is akin to the $100,000,000 figure in *Caidin*—that is, it failed to put Defendant in a position to adequately negotiate a settlement with Plaintiff on the wrongful death claim because it represented a damages figure for more than just one claimant.

The Court finds that Defendant overstates the Ninth Circuit's holding in *Caidin*. *Caidin*'s holding centered around the fact that the plaintiff was not an authorized agent or legal representative of the other purported class members. *Caidin*, 564 F.2d at 286–87. As a result, his administrative claim was reduced to one brought strictly on his own behalf. *Id.* And because the $100,000,000 figure stated in the claim gave no indication of the specific damages claimed by the plaintiff *as an individual*, the claim failed to specify a sum certain and dismissal was appropriate. *Id.* In other words, the primary issue was plaintiff's lack of authorization; any issues with the damages figure provided on the administrative claim were merely consequential to the authorization problem. But Defendant argues that *Caidin* stands for the proposition that "a total figure for multiple claims is insufficient to set the boundaries for negotiation (and judgment) as to any one specific claim." (Doc. 61 at 5). Under Defendant's interpretation, the $100,000,000 figure would *never* satisfy the sum

1    certain requirement—even if the plaintiff proved he was authorized to file the claim on the
2    others' behalf—unless it was further broken down into sum certain claims for each class
3    member. This Court cannot read *Caidin* so broadly. The Ninth Circuit simply did not reach
4    the question of whether the plaintiff's $100,000,000 damages claim would have satisfied
5    the sum certain damages requirement had plaintiff been authorized to file claims on behalf
6    of the other class members.

7            *Caidin*'s focus on the plaintiff's lack of authorization to file on the others' behalf
8    factually distinguishes *Caidin* from the present case. Here, it is undisputed that Plaintiff
9    was the surviving son of the Decedent and personal representative of the Decedent's Estate.
10   Therefore, he was fully authorized to bring the survival statute claim on behalf of the Estate
11   and the wrongful death claim on his own behalf. In *Caidin*—after the plaintiff's lack of
12   authorization removed the other class members from the picture—the Government was left
13   without any idea of what portion of the $100,000,000 figure represented the plaintiff's sum
14   certain damages claim. The plaintiff "essentially omitted any statement of his own
15   damages" when he specified a dollar amount on behalf of a class of claimants, rather than
16   an amount for himself. *Blair*, 304 F.3d at 867 (discussing *Caidin*). Here, Plaintiff's
17   administrative claim posed no such uncertainties for Defendant. It put Defendant on notice
18   that there were two distinct claimants—the Estate and Plaintiff himself—and that their
19   combined sum certain damages amount was $2,000,000. *See Tubbs v. United States*, No.
20   CV 09-06311 MMM (FFMx), 2010 WL 11512184, at *6 (C.D. Cal. July 30, 2010)
21   (distinguishing from *Caidin*) ("This case does not involve a denial of a plaintiff's attempt
22   to represent a class; the type of uncertainty regarding damages that follows a conversion of
23   a class action to an individual action is simply not present here.").

24           Setting *Caidin* aside, the question ultimately before this Court is whether Plaintiff
25   is bound not only by the aggregate amount of his claim ($2,000,000), but also by its various
26   subdivisions. The Ninth Circuit has not directly addressed this question. *See Resnansky v.*
27   *United States*, No. 13-cv-05133-DMR, 2015 WL 1968606, at *3 (N.D. Cal. May 1, 2015)
28   ("The Ninth Circuit has yet to issue significant guidance regarding Section 2675(b).").

1   Defendant has not provided citations to any other cases addressing the issue and this

2   Court's review of caselaw did not uncover any cases standing for Defendant's position.

3   The Court did, however, find an instance in which another court rejected an argument very

4   similar to Defendant's. In *Funston v. United States*, the plaintiff's administrative claim

5   sought $450,000 which was broken down into claims for lost earnings, medical expenses,

6   lost future earning capacity, and pain and suffering. 513 F.Supp. 1000, 1005–07 (M.D. Pa.

7   1981). The United States District Court for the Middle District of Pennsylvania rejected

8   the Government's argument that § 2675(b) bound the plaintiff to sue in court for the same

9   amounts for each subdivision of his claim. *Id.* at 1007. The Court found the Government's

10  contention to be "contrary to the clear language of the statute" which states *only* that a

11  plaintiff cannot request "any sum in excess of the amount of the claim presented to the

12  federal agency," but says nothing about the component parts of the claim. *Id.*

13       This Court finds similarly—that Plaintiff's maximum recovery is bound only by the

14  cumulative total of the claims asserted on his administrative claim ($2,000,000), and not

15  by the claim's various subdivisions. This finding is consistent with the purpose[4] of

16  § 2675(b), "which 'is to put the government on notice of its maximum potential exposure

17  to liability' . . . so that it 'will be in a position to make intelligent settlement decisions.'"

18  *Salzwedel*, 2018 WL 460892, at *7 (citing *Zurba v. United States*, 318 F.3d 736, 743 (7th

19  Cir. 2003) and *Allgeier v. United States*, 909 F.2d 869, 878 (6th Cir. 1990)). Plaintiff's SF-

20  95 described the injuries at issue when it listed claims for property damage, medical

21  expenses, pain and suffering, and wrongful death, and it provided a sum certain damages

22

23       [4] 28 U.S.C. § 2672 provides for at least two other purposes of the sum certain

24  requirement, neither of which are directly impeded by this Court's holding. First, the sum
    certain amount dictates whether the claim may be settled by the Federal agency without

25  involving the Attorney General. *See* § 2672 (providing that "any award, compromise, or
    settlement in excess of $25,000 shall be effected only with the prior written approval of the

26  Attorney General or his designee"). Second, the sum certain amount dictates whether any

27  payment on the claim will come from the agency's budget. *See id.* (providing that "[a]ny
    award, compromise, or settlement in an amount of $2,500 or less . . . shall be paid by the

28  head of the Federal agency concerned out of appropriations available to that agency").

total when it asserted the total value of the claims as $2,000,000. This put Defendant on notice of the types of claims at issue and, more importantly, of its maximum potential exposure to liability. Defendant's ability to make intelligent settlement decisions was not undermined by the uncertainty surrounding how the $2,000,000 figure would be divided between the two claimants—the Estate and Plaintiff—and among the claim's various subdivisions.

The First Circuit's holding in *Lopez v. United States*, 758 F.2d 806 (1st Cir. 1985), shows that while the sum certain damages figure asserted in the administrative filing sets a hard ceiling on what the plaintiff can recover on all his or her claims, there is somewhat more flexibility in determining the exact claims that are ultimately brought in federal court to reach that sum certain amount. In *Lopez*, the plaintiff filed an administrative claim for $850,000 for personal injuries. *Lopez*, 758 F.2d at 808. When the claim was brought to federal court, the plaintiff's complaint repeated the demand for $850,000, but also sought an additional $1.6 million for mental damages. *Id.* The district court correctly granted the Government's motion to reduce the amount demanded in the complaint on the grounds that the plaintiff was limited to the amount asserted in his administrative claim. *Id.* At trial, however, the district court excluded evidence of mental damages altogether, finding that the plaintiff's "sum certain for the physical injuries claimed on his administrative form was $850,000, and so the sum certain for his other personal injury claims, [i.e., his claim for mental damages,] necessarily was zero." *Id.* On appeal, the First Circuit overturned the district court's exclusion of mental damages evidence, finding that § 2675(b) limited only the amount recoverable and not the substantive claims alleged. *Id.* at 810. The First Circuit held that the plaintiff's administrative claim for personal injuries gave the Government sufficient notice of his mental damages claim because his personal injuries included a brain concussion and post traumatic headaches. *Id.* The fact that the plaintiff did not explicitly include a mental damages claim on his administrative form did not preclude him from amending his complaint to include a request for mental damages, so long as the total damages sought for the personal injury and mental damages claims combined to be

$850,000 or less. *Id.* at 809–11.

While Plaintiff in this case is not attempting to change or add to his claims, *Lopez* is instructive in that it shows that *how* a plaintiff's claims add together to reach the sum certain amount is less important; what matters is that the plaintiff sufficiently put the Federal agency on notice of the types of injuries and claims at issue, and that the plaintiff provided a sum certain amount that indicates to the Federal agency its maximum potential exposure to liability. This Court finds that Plaintiff did so in this case and rejects Defendant's argument that Plaintiff's recovery should be limited anymore than § 2675(b) demands. Plaintiff may seek damages in excess of $314,616.22 on the wrongful death claim, so long as Plaintiff does not seek total damages for all the claims in excess of $2,000,000.

## IV.   CONCLUSION

In sum, Defendant has failed to show that partial summary judgment in its favor is appropriate on the amount Plaintiff can potentially recover on his wrongful death claim. Section 2675(b) limits Plaintiff's recovery to the total amount claimed in his administrative claim: $2,000,000. It does not further limit Plaintiff's recovery with respect to each individual component claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 61) is **denied**.

Dated this 27th day of January, 2022.

Honorable Steven P. Logan
United States District Judge

10